**Modified and Affirmed and Opinion Filed April 25, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00765-CR

**MARQUIS MAZE KELLUM, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1975180-Q**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Molberg

Appellant Marquis Kellum appeals the judgment adjudicating him guilty of

assault family violence, enhanced. Appellant was indicted for that offense—a third

degree felony pursuant to § 22.01(b)(2)(A) of the penal code— and on June 21, 2019,

he pleaded guilty. The trial court deferred a finding of guilt and placed appellant on

deferred adjudication community supervision for three years. On February 3, 2021,

the State filed an amended motion to proceed with an adjudication of guilt,[1] alleging

---

[1] The record reflects that the State filed a previous motion to adjudicate guilt in 2019, and the trial court continued appellant on probation after a hearing.

numerous violations of his conditions of probation. At the hearing on the motion, appellant pleaded true to four of the alleged violations and not true to two. After hearing evidence, the trial court found the State's allegations to be true, adjudicated appellant guilty of assault family violence, enhanced, made an affirmative finding of family violence, and sentenced appellant to six years' confinement. We modify the judgment and affirm the judgment as modified.

Counsel for appellant has filed a brief raising four issues, each of which seeks to reform the judgment. *See Hernandez-Munoz v. State*, No. 05-21-00716-CR, 2023 WL 142379 (Tex. App.—Dallas Jan. 10, 2023, no pet.) (mem. op., not designated for publication) (reforming the judgment and affirming the modified judgment when appellate brief raised only non-reversible error).[2] The brief includes a statement of the case; a statement of facts reciting the evidence presented at the hearing on the motion to adjudicate; and an argument section discussing appellant's four issues.

Appellant first argues the judgment should be reformed to reflect the correct name of the attorney who represented the State in the trial court. The State agrees. The judgment states that Krystal Biggins was the attorney for the State. The record reflects, however, that Ryan Searcey[3] represented the State at the hearing at which

---

[2] *See also Allison v. State*, 609 S.W.3d 624, 625, 628 (Tex. App.—Waco 2020) (order per curiam) (observing that "non-reversible issue[s], such as court costs or recitations in the judgment," can be raised within an *Anders* briefs).

[3] Although the parties' briefs, following the reporter's record from July 8, 2021, identify counsel for the State as "Ryan Searcy," the remainder of the record identifies the trial prosecutor as "Ryan Searcey," which is consistent with public State Bar of Texas records.

appellant was adjudicated guilty. We have the power to correct and modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we will reform the judgment so that it reflects that Ryan Searcey was the attorney for the State.

Second, appellant argues the judgment should be reformed to reflect the correct statute for the offense for which appellant was adjudicated guilty. The judgment states "22.01(b)(2)(A) Penal Code" as the "Statute for Offense." Section 22.01(b)(2)(A) provides that,

> (b) An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:
> . . .
> (2) a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if:
>
> (A) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code . . . .

TEX. PENAL CODE § 22.01(b)(2)(A). Appellant argues the correct statute for the offense is section 22.01(a)(1), which states, "(a) A person commits an offense if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse . . . ." *Id*. § 22.01(a)(1).

The State disagrees, contending § 22.01(b)(2)(A) is correct because it more specifically identifies the offense appellant was adjudicated guilty of. We agree; appellant's second issue is overruled. *Cf. Smith v. State*, No. 05-21-00568-CR, 2022 WL 2526973, at *1 (Tex. App.—Dallas July 7, 2022, no pet.) (mem. op., not designated for publication) (reforming the judgment to replace the reference to simple assault "with the specific statutory provision that govern[ed] [the] appellant's offense in this case, '22.01(b)(2)(A) Penal Code'").

Third, appellant argues the judgment's recitation on his "Plea to Motion to Adjudicate" is inaccurate. The State agrees. The judgment states, "Plea to Motion to Adjudicate: True." The record reflects, however, that appellant pleaded true to allegations 4, 16, 18, and 25, and not true to allegations 1 and 21. Accordingly, we sustain appellant's issue and will reform the judgment to reflect that appellant pleaded "Not True to Allegations 1, 21; True to Allegations, 4, 16, 18, 25." *See Urbina v. State*, No. 05-14-00329-CR, 2015 WL 1509816, at *1 (Tex. App.—Dallas Mar. 30, 2015, no pet.) (mem. op., not designated for publication).

Finally, appellant argues, and the State agrees, that the judgment should be modified to reflect that he had no plea bargain agreement with the State. The judgment states "6 Years TDCJ" under "Terms of Plea Bargain." But the record reflects that appellant had no plea bargain agreement with the State; instead, appellant asked the trial court to be continued on community supervision.

Accordingly, we will reform the judgment to state "N/A" under "Terms of Plea Bargain."

We modify the trial court's judgment to remove "Krystal Biggins" from the space next to "Attorney for State," and insert "Ryan Searcey" in its place; remove "True" from the space under "Plea to Motion to Adjudicate" and insert "Not True to Allegations 1, 21; True to Allegations 4, 16, 18, 25" in its place; and remove "6 Years TDCJ" from the space under "Terms of Plea Bargain" and insert "N/A" in its place. As modified, we affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

210765F.U05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARQUIS MAZE KELLUM,
Appellant

No. 05-21-00765-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1975180-Q.
Opinion delivered by Justice
Molberg. Justices Partida-Kipness
and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** "Krystal Biggins" from the space next to "Attorney for State" and **INSERT** "Ryan Searcey" in its place.

We **REMOVE** "True" from the space under "Plea to Motion to Adjudicate" and **INSERT** "Not True to Allegations 1, 21; True to Allegations 4, 16, 18, 25" in its place.

We **REMOVE** "6 Years TDCJ" from the space under "Terms of Plea Bargain" and **INSERT** "N/A" in its place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 25th day of April, 2023.